**M. R. HALL v. HONORABLE MILLARD F. CALDWELL, Governor of the State of Florida, et al.**

37 So (2nd) 421                                          June Term, 1948
November 12, 1948                                          Division A

*Paty, Warwick & Paul,* for appellant.

*J. Tom Watson,* Attorney General, and *T. Paine Kelly,* Assistant Attorney General, for appellee.

TERRELL, J.:

This appeal is from a final decree restraining appellant, defendant below, from taking fish or any seafoods from the salt waters of Florida by means of seines, nets, traps or other methods than hook and line and selling them to wholesale dealers, retail dealers, hotels, restaurants or public eating places without having procured a license as a wholesale sea-

food dealer as required by section 374.31, Florida Statutes 1941.

The point for determination is whether or not a commercial fisherman is required to procure a wholesale seafood dealer's license to dispose of his catch.

There is no dispute about the facts. It is admitted that a commercial fisherman is one who is engaged in the business of taking the various species of seafood from the salt waters by other means than hook and line and disposing of his catch to wholesale dealers, retail dealers, restaurants, hotels and other public eating places. It is also admitted that appellant is a commercial fisherman.

Whether or not appellant, a commercial fisherman, is required to procure a wholesale dealer's license to dispose of his catch, turns on the interpretation of sections 374.30, 374.31 and 374.32, Florida Statutes 1941. The point is not without its difficulties. The pertinent part of section 374.31 defines a wholesale seafood dealer as any one dealing in fish, seafoods or salt water food products of any kind and who sells such products to wholesale dealers, retail dealers, hotels, restaurants, or other public eating places. Retail seafood dealers are defined by the same act as those who sell such foods direct to the consumer.

Section 374.32, requires wholesale seafood dealers to procure a permit as a prerequisite to securing a license, defines the penalty for violation of the act and carries this additional proviso: "Provided that nothing contained in this section shall be construed to apply to the sale and delivery to consumers of such products by licensed retail dealers in ordinary retail transactions or to the sale and delivery of his own catch or products, to a Florida licensed dealer by any person catching or gathering the same or to persons exempt from the payment of a license tax."

The chancellor construed section 374.31 to require commercial fishermen to procure a wholesale seafood dealer's license to dispose of their catch but when chapter 19611 from which sections 374.30, 374.31 and 374.32 were taken, is read

940

in sum, we do not think it so requires. It does not in terms do so, and since it imposes a substantial tax on the wholesale dealer it should not be construed to fasten that tax on the commercial fisherman unless the words of the act in terms or by direct implication impose it.

A commercial fisherman is not a retailer unless he sells his catch direct to the consumer. Neither is he a wholesaler unless he buys and sells to the wholesaler. The mere fact that he sells his catch to the wholesaler does not make him a wholesaler. These were the conditions under which the Conservation Commission held that he was not required to procure a seafood dealer's license to sell his catch and we think he was correct. He (commercial fisherman) is required to pay a license on his boat and when he sells his catch direct to the wholesaler, we do not think the act contemplates that he procure a wholesaler seafood dealer's license. Any other interpretation reads the proviso quoted herein, and other clear implications, out of the act.

It cannot be said that the terms of the act are not ambiguous, but this interpretation is more consonant with reason and what we think the makers of the act intended. To impose a wholesale seafood dealer's license tax on the commercial fisherman amounts to at least three taxes the consumer must pay before the seafood is on his table, two of which are wholesale seafood dealers license taxes, and we do not think the law makers so intended.

The judgment appealed from is therefore reversed.

Reversed.

THOMAS, C. J., CHAPMAN and SEBRING, JJ., concur.